IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA A. GAY,

     Plaintiff,

vs.                                   Civ.  No. 97-1541 LCS

AMERICAN NATIONAL INSURANCE
COMPANY, a foreign corporation,
et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Defendants' Motion to Dismiss, filed February 27, 1998.  The Defendants assert that 1) Title VII does not recognize claims against individual Defendants; 2) Count I's sexual harassment claim is subject to dismissal for failure to exhaust Equal Employment Opportunity Commission (EEOC) remedies; and 3) Count III, the New Mexico Human Rights Act claim, should be dismissed for failure to follow the Act's grievance procedure.

In ruling on a motion to dismiss, the Court presumes that all of a plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.  **Hall v. Bellmon**, 935 F.2d 1106, 1109 (10th Cir. 1991)(citing **Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974)).  Courts may not dismiss a lawsuit for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to recovery.  **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957).

1

Counts I and II allege Title VII claims against the individual Defendants. The Defendants correctly state that Title VII does not impose individual liability. **See Haynes v. Williams**, 88 F.3d 898 901 (10th Cir. 1996)(citing and quoting **Sauers v. Salt Lake County**, 1 F.3d 1122, 1125 (10th Cir. 1993)). Pursuant to **Haynes** and **Sauers**, I find that the Title VII claims under Counts I and II are dismissed with prejudice as to Defendants Wilhite, Adkins, Stewart, Parrish, and Sutch.

The Defendants also contend that Count I should be dismissed as to all of the Defendants because the Plaintiff failed to exhaust her administrative remedies with respect to the sexual harassment claim. Although the Plaintiff submitted a charge to the EEOC, the Defendants argue that the Plaintiff failed to fairly bring to the EEOC's attention the sexual harassment claim. EEOC exhaustion of Title VII claims is a jurisdictional prerequisite to bringing a federal suit. **Seymore v. Shawver & Sons, Inc.**, 111 F.3d 794, 799 (10th Cir. 1997), **cert. denied**, 118 S.Ct. 342 (1997); **Jones v. Runyon**, 91 F.3d 1398, 1399 (10th Cir. 1996), **cert. denied**, 117 S.Ct. 1243 (1997). In determining whether a Title VII claim has been exhausted, the Court must decide if the federal complaint "'encompass[es] any discrimination like or reasonably related to the allegations of the EEOC charge....'" **Jones**, 91 F.3d at 1400 (quoting **Ingels v. Thiokol Corp.**, 42 F.3d 616, 615 (10th Cir. 1994)(quotations omitted)). The EEOC complaint is liberally construed when determining the exhaustion issue. **Strub v. Public Serv. Co. of Colo.**, 863 F.Supp. 1352, 1355 (D. Colo. 1993).

Having reviewed the EEOC charge as well as documents from the Plaintiff's EEOC file, I find that the Plaintiff alleges a claim based upon discriminatory terms and conditions of employment, not sexual harassment. Even a liberal reading of the charge and file documents fails

2

to produce anything "like or reasonably related" to Count I's claim of a sexual harassment.  I, therefore, conclude that the Plaintiff failed to exhaust her Count I claim.  Consequently, this Court lacks jurisdiction over that claim.  Count I is dismissed without prejudice as to all of the Defendants.

The Defendants further argue that the New Mexico Human Rights Act claim under Count III should be dismissed for two reasons.  First, the Defendants contend that the Plaintiff has not exhausted her state administrative remedies under the New Mexico Human Rights Act.  Second, the Defendants assert that the Plaintiff untimely appealed the New Mexico Human Rights Act claim to this Court.  Regarding the exhaustion issue, the New Mexico courts have held that a defendant cannot be sued under the New Mexico Human Rights Act unless the complainant has exhausted her administrative remedies pursuant to the grievance procedure set forth in the New Mexico Human Rights Act.  **See Luboyeski v. Hill**, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994).  In this case, the Plaintiff admits in her Response to Defendants' Motion to Dismiss at 7-8 that the New Mexico Human Rights Commission has not yet rendered a decision regarding her claims.  I, therefore, find that the Plaintiff  failed to exhaust her remedies with regard to her New Mexico Human Rights Act claim.  Consequently, that claim is subject to dismissal without prejudice.

The Defendants hope to dismiss the New Mexico Human Rights Act claim with prejudice under their untimely appeal argument.  The untimely appeal argument is based upon 1978 N.M.S.A. §28-1-13(A) of the New Mexico Human Rights Act.  That provision states that "[a]ny person aggrieved by an order of the commission may obtain a trial de novo ... by filing a notice of appeal within thirty days from the date of service of the commission's order."  The Defendants

argue that assuming that the filing of an EEOC charge complies with the New Mexio Human

Rights Act's grievance procedure and the receipt of the right to sue letter triggers the running of

the thirty day period under §28-1-13(A), the Plaintiff untimely filed this suit as to the New

Mexico Human Rights Act claim.  I find that the Defendants fail to support the aforesaid

assumptions with any authority.  Furthermore, I find a plain reading of §28-1-13(A) indicates that

it applies to an appeal from the New Mexico Human Rights Commission, not the EEOC.  The

Defendants' untimely appeal argument is, therefore, without merit.

WHEREFORE,

IT IS ORDERED that the Defendants' Motion to Dismiss is granted.

IT IS FURTHER ORDERED that the Title VII claims under Counts I and II are

dismissed with prejudice as to Defendants Wilhite, Adkins, Stewart, Parrish and Sutch; Count I is

dismissed without prejudice as to Defendant American National Insurance Company; and Count

III is dismissed without prejudice as to all the Defendants.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

4