IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA A. GAY,

    Plaintiff,

vs.                                           Civ. No. 97-1541 LCS

**AMERICAN NATIONAL INSURANCE COMPANY, a foreign corporation,** *et al.,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant American National Insurance Company's ("American National's") Motion for Summary Judgment, filed on November 16, 1998. The Court, having considered the Motion, the briefs and evidence submitted by the parties and the applicable law, finds that the Motion is not well-taken and it will be denied.

Plaintiff Theresa Gay ("Gay") resigned as a sales agent for American National, claiming that she in particular, and women in general, were subjected to sexual harassment and gender discrimination. Plaintiff claimed that her working environment had become so intolerable that her resignation amounted to a constructive discharge. *See Irving v. Dubuque Packing Co.,* 689 F.2d 170, 172 (10th Cir. 1982). She claims that she is entitled to damages resulting from American National's failure to promote her in 1991 and 1993, and damages for constructive discharge.

To prevail on her gender discrimination claim, Gay must show that she belongs to a protected class; that she was qualified for the position; and that the promotion was given to a

1

person not a member of a protected class. If she is successful, American National must articulate a legitimate, non-discriminatory reason for not promoting her. If it is successful, Gay has the burden of establishing that the reason given by the employer is a pretext, and that the real reason she was not promoted is discrimination based on gender. *See Sprague v Thorn Americas Inc.,* 129 F.3d 1355, 1362 (10th Cir. 1997).

American National admits that Gay belongs to a protected class, and that in 1991 and 1993, instead of promoting Gay, it promoted individuals who were not members of a protected class.[1] However, it claims that Gay was not qualified for the 1993 promotion, or that even if she was, the persons promoted had better sales statistics than she. It also denies that Gay's working environment was intolerable. Claiming that Gay cannot raise a genuine issue of fact on each of the elements of her claims, American National contends that it is entitled to judgment as a matter of law. *See Celotex v. Catrett,* 477 U.S. 317, 325 (1986).

American National contends that Gay was not qualified for the managerial position, because her sales statistics ("Combined Increase Record") were not at least equal to the average of all of the other sales agents in the district.[2] Gay admits that, for the 9 months preceding the promotion decision, her Combined Increase Record was below the district average. However,

---

[1] American National contends correctly that, because Gay did not file an EEOC charge on the 1991 promotion denial, it is time-barred. *Lauro v Tomkats Inc.,* 9 F.Supp.2d 863, 870 (M.D.Tenn. 1988). However, it contends incorrectly that, because it is time-barred, the 1991 promotion denial cannot be considered as evidence in the 1993 promotion denial or in the constructive discharge claims. Such evidence may be considered, id., although the more remote in time it occurred, the less probative of discrimination it will be.

[2] Gay has contended that this criterion was made up after the fact to justify denying the promotion. After briefing on this Motion was completed, American National finally produced a memo, dated before the promotion decision, specifying the promotion criteria. Plaintiff urges the Court not to consider the memo due to its untimeliness, but the Court denies her request as moot, since it would reach the same result regardless of whether it considers the memo.

she points out that, over the course of her employment, her statistics were above average. Because the memo does not specify the time period from which the Combined Increase record would be computed, the Court finds a genuine issue of fact exists whether Gay was qualified for the 1993 promotion. Accordingly, American National's Motion for Summary Judgment cannot be granted on that basis.

American National then contends that, even if Gay were qualified for the 1993 promotion, the decision on who to promote was based on who had the best production record. As Gay does not dispute the statistics cited, the Court finds that American National has articulated a legitimate, non-discriminatory reason for its decision. Accordingly, in order to avoid summary judgment, Gay must establish a fact issue whether this reason is a pretext for gender discrimination.

There are four types of evidence relevant to the pretext inquiry: First, the employer's prior treatment of the Plaintiff, second, statistics which reflect a general pattern and practice of discrimination, third, a failure by the Defendant to follow its regular procedures, and fourth, the use of subjective criteria, especially when used to evaluate candidates who are not objectively qualified. *Colon-Sanchez v. Marsh,* 733 F.2d 78, 81 (10th Cir. 1984). In the present case, Gay has produced evidence of the first, third and fourth types; the Court must analyze whether it is sufficient to defeat the Summary Judgment Motion.

Gay first offers evidence that she was ridiculed by other employees because of her bust size and that one employee sent pornographic material to her home. Management's participation or acquiesence to a sexually hostile work environment could raise an inference of gender bias on the company's part, but this evidence does not implicate management and is therefore irrelevant.

3

However, Gay has offered direct evidence of gender bias on the part of two of her supervisors, alleging that they questioned her desire for a promotion because it might hinder her role as a wife and mother, and made derogatory remarks about women in general, such as that women were too ignorant, stupid and lazy to fill management positions. American National contends that because these remarks were make more than five years before the 1993 promotion decision, and because they were made by different individuals than those who made that decision, the evidence is irrelevant.

"Stray remarks" by supervisory personnel are relevant to the question of pretext, although their persuasiveness is reduced when, as here, they were made well before the employment decision at issue, and by people not involved the decision. *McMillan v. Mass. S.P.C.A.,* 140 F.3d 288, 300-301 (1st Cir. 1998). Thus, this evidence is not of itself sufficient to raise a fact issue on the issue of whether American National's stated reason for not promoting Gay was pretextual.

Gay next offers statistical evidence that, from 1998 to 1993, while American National had 57 female sales agents, it only promoted one. While admitting the truth of this statement, American National points out that because Gay does not document how many women were qualified to be considered for promotion, or how many promotion opportunities occurred. While such statistics are usually of little probative value, *see Colon-Sanchez,* 733 F.2d at 82, in this case the lack of clarity in American National's promotion eligibility criteria somewhat reduces the force of this criticism.

Gay lastly offers evidence the American National employed subjective criteria in its promotion decisions, affirming that one of the managers involved in the 1993 promotion decision said that the promotion criteria were "what he decided they were." Viewed in a light

4

favorable to the party opposing summary judgment, I find that, while none of the evidence is by itself sufficient to create a material issue of fact on the issue of pretext, when taken as a whole it is sufficient to do so. American National's Motion for Summary Judgment cannot be granted on that claim.

American National finally contends that, even were it to be found guilty of gender discrimination, Gay's damages should be limited to the difference between her compensation as a sales person and the compensation she would have received as a supervisor *up to the day she resigned.* They contend that her voluntary resignation bars her from recovering anything more. Gay responds that their failure to promote her and other women, coupled with her fellow employees and her supervisors' derogatory remarks about women and their comments that she would never be promoted, created a working environment that no employee could reasonably be expected to tolerate. *In Irving v. Dubuque Packing Co.,* 689 F.2d 170, 172-73 (10th Cir. 1982), the Tenth Circuit held that a mere failure to promote, even if based on gender discrimination, was not in and of itself so intolerable as to turn a resignation into a constructive discharge. However, the court in that case refused to overturn the district court's denial of a summary judgment motion pn a constructive discharge claim in which the plaintiff alleged that her supervisors, in addition to denying her promotion, acted in a rude and offensive manner. Gay's allegations in the present case are similar; accordingly, American National's Motion cannot be granted on this claim either.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment, (docket entry # 41), is DENIED.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE